UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT CORBETT,

      Plaintiff,

                                    Case No. 2:25-cv-122

v.

                                    HON. JANE M. BECKERING

UNKNOWN LEACH, et al.,

      Defendants.

_____/

## OPINION AND ORDER

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for summary judgment alleging that Plaintiff Robert Corbett failed to exhaust his administrative remedies in connection with his remaining claims[1] (MSJ, ECF No. 20).  The Magistrate Judge issued a Report and Recommendation recommending that this Court grant Defendants' motion as to some claims but not others (R&R, ECF No. 40). After raising sua sponte several arguments that Plaintiff had waived, the Magistrate Judge also recommended that this Court hold a bench trial on exhaustion (*id.*).  Defendants objected, noting that the Sixth Circuit and the Supreme Court have recently reversed federal courts for straying from the party presentation principle by improperly raising certain arguments sua sponte (Obj., ECF No. 41).  Defendants further objected that the Magistrate Judge failed to address their argument—raised in both their opening and reply briefs—that the Court should dismiss Plaintiff's claims against Defendant "Unknown CO."  Plaintiff did not respond to Defendants' objections or file any of his own.

---

[1] The Magistrate Judge previously entered a screening Opinion and Order that dismissed all claims apart from those discussed herein (*see* Op. & Or., ECF Nos. 7 & 8).  The Court recently denied Plaintiff's motion for reconsideration of that Opinion and Order (Op. & Or., ECF No. 45).

This Court will review de novo those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1) & FED. R. CIV. P. 72(b)(3). The Court concludes that Defendants' objections have merit. For the reasons set forth in detail below, the Court will: adopt the Report and Recommendation to the extent that it recommends dismissal of certain claims for failure to exhaust; decline to adopt the Report and Recommendation to the extent that it raises sua sponte arguments that Plaintiff waived and recommends the Court hold a bench trial on exhaustion; sustain Defendants' objection as to whether the Magistrate Judge failed to address Defendants' meritorious argument for dismissal of Plaintiff's claim against Defendant Unknown CO; and grant Defendants' motion for summary judgment in full, dismissing all of Plaintiff's remaining claims (*see* MSJ Br., ECF No. 21 at PageID.131).

The Report and Recommendation describes Plaintiff's four remaining claims: (1) a First Amendment retaliation claim against Defendant Leach for denial of a job assignment; (2) a First Amendment retaliation claim against Defendant Leach associated with misconduct charges and Plaintiff's electronic tablet; (3) a First Amendment retaliation claim against Defendant Unknown CO, also associated with misconduct charges and Plaintiff's electronic tablet; and (4) a First Amendment retaliation claim against Warden Schroeder (R&R, ECF No. 40 at PageID.282). The Magistrate Judge concludes that Plaintiff failed to exhaust his administrative remedies in connection with the first and fourth claims noted above (*id.* at PageID.298). Plaintiff has not timely objected to this analysis, and the Court will adopt the Magistrate Judge's recommendation on this point as the Opinion of the Court. Defendants have raised two separate objections implicating the Magistrate Judge's analysis of Plaintiff's final two claims. The Court will address each in turn.

## I.    Defendants' First Objection Has Merit

The Report and Recommendation examines whether Plaintiff exhausted his administrative remedies in connection with the second claim noted above, which alleges that Defendant Leach retaliated against Plaintiff in connection with certain misconduct charges and Plaintiff's electronic tablet (R&R, ECF No. 40 at PageID.282, 297).  The Magistrate Judge concludes that Plaintiff only pursued one grievance relevant to this claim, which is labeled MBP-24-12-1400-28E ("MBP-1400") (*id.*).  Defendants introduced evidence, argument, and applicable authorities in their summary judgment briefing indicating that Plaintiff failed to submit MBP-1400 by the relevant deadline established by prison policy (MSJ Br., ECF No. 21 at PageID.129–131, citing MDOC Policy, ECF No. 21-2 and Step III Grievance Aff., ECF No. 21-3).  According to Defendants, Plaintiff thus failed to properly exhaust his administrative remedies on this claim (*id.*).

Specifically, Defendants presented a copy of Plaintiff's initial, deficient MBP-1400 grievance form (Grievance, ECF No. 21-3 at PageID.152), a copy of the MDOC memorandum noting that MBP-1400 was incomplete (Memo, ECF No. 21-3 at PageID.151), and a copy of the revised grievance form that Plaintiff submitted on December 27, 2024 (Grievance, ECF No. 21-3 at PageID.150).  Defendants argue that the dates on the face of these documents establish that Plaintiff failed to timely submit MBP-1400, failing to exhaust this retaliation claim against Defendant Leach (MSJ Br., ECF No. 21 at PageID.129–131).  *See Richmond v. Settles*, 450 F. App'x 448, 457 (6th Cir. 2011) ("Proper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits) . . . [in] compliance with an agency's deadlines and other critical procedural rules[.]") (emphasis in original) (quoting *Woodford v. Ngo*, 548 U.S. 81, 92 (2006)); *accord Morgan v. Trierweiler*, 67 F.4th 362, 366 (6th Cir. 2023) (same).

3

Plaintiff has not expressly disputed the evidence and argument offered by Defendants showing that he failed to submit a complete and timely copy of the MBP-1400 grievance form (*see generally* Opp. to MSJ, ECF No. 36; Opp. Attachments, ECF No. 36-1 to 36-30; Pl. Decl., ECF No. 37). Plaintiff offers dozens of pages of prolix, generalized arguments that all distill down into a bare legal conclusion: that he did exhaust his administrative remedies (*compare* Pl. Decl., ECF No. 37 at PageID.262 *with* MSJ Br., ECF No. 21 at PageID.129–131). But Plaintiff does not specifically address the dates that appear on the face of the MBP-1400 grievance documents, and Plaintiff does not respond to Defendants' computation of the applicable deadline (*id.*).

Additionally, Defendants cite Sixth Circuit authority stating that "generalized statements are insufficient to create a genuine dispute of material fact" on exhaustion. *See Belser v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017) (collecting Sixth Circuit authorities); *cf. Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 219 (2007) (declining to credit the "bald assertion that [the grievance coordinator] refused to give [a prisoner] grievance forms," although the Sixth Circuit applied a different legal standard at the time).[2] Defendants thoroughly argued Plaintiff's waiver on this point in their summary judgment reply brief before the Magistrate Judge (MSJ Reply, ECF No. 39 at PageID.276, citing *Belser*, 2017 WL 5479595 at *2; *Smith*, 2023 WL 3871923 at *5; and *Ritchie v. Coldwater Comm. Sch.*, 947 F. Supp. 2d 791, 825 (W.D. Mich. 2013)).

---

[2] *See also Stine v. State Farm*, 428 F. App'x 549, 550 (6th Cir. 2011) ("[A] conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment."); *Sigmon v. Appalachian Coal*, 400 F. App'x 43, 49 (6th Cir. 2010) ("[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.") (cleaned up); *Smith v. Brock*, No. 1:22-CV-149, 2023 WL 3871923, at *5 (W.D. Mich. Mar. 16, 2023), *R&R Adopted*, No. 1:22-CV-149, 2023 WL 3611730 (W.D. Mich. May 24, 2023) (rejecting vague assertions that prison staff destroyed grievance documents since plaintiff "[did] not state when he wrote these grievances, nor [did] he provide any information as to what they concerned").

The Report and Recommendation does not address Defendants' waiver argument, and it does not distinguish the authorities on which Defendants rely.   The Magistrate Judge acknowledges that "[o]rdinarily, grievances that are rejected [as untimely] are not reviewed on the merits and do not satisfy the exhaustion requirement," and further acknowledges that "it *appears* as though Plaintiff filed an incomplete grievance form on December 15, 2024, and then re-filed a completed form on December 27, 2024" (R&R, ECF No. 40 at PageID.297).  But the Magistrate Judge concludes the "record is not crystal clear"[3] because Defendants did not submit an additional affidavit specifically articulating the timeline associated with MBP-1400 (R&R, ECF No. 40 at PageID.297).  The Report and Recommendation does not identify the information that Defendants should have included in this affidavit that was not supplied by the dates on the face of the grievance documents and by Defendants' brief (*compare* R&R, ECF No. 40 at PageID.296–298 *with* MSJ Br., ECF No. 21 at PageID.127–131 *and* MSJ Reply, ECF No. 39 at PageID.275–279).  Defendants object that the Magistrate Judge improperly disregarded their waiver argument and the undisputed evidence showing that Plaintiff did not properly exhaust MBP-1400 (Obj., ECF No. 41).

In performing the required de novo review of the Report and Recommendation on this point, the Court notes recent Supreme Court and Sixth Circuit authority underscoring the significance of Plaintiff's waiver.   "Federal courts adhere to the principle of party presentation . . . [and] are not roving commissions, licensed to sally forth each day looking for wrongs to right," and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026); *Whiting v. Athens*, 170 F.4th 455, 460–61 (6th Cir.

---

[3] This is not the legal standard applicable to a summary judgment motion alleging failure to exhaust in a prisoner civil rights action. *Smith v. Brock*, No. 1:22-CV-149, 2023 WL 3871923, at *2 (W.D. Mich. Mar. 16, 2023)*, R&R Adopted*, No. 1:22-CV-149, 2023 WL 3611730 (W.D. Mich. May 24, 2023) (setting forth the applicable standard) (citing *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

2026) ("Courts are essentially passive instruments of government that . . . rely on the parties to frame the issues for decision . . . . [J]udges [may not hunt] for truffles buried in the record [but must] take the cases as we find them."). This principle is particularly important in the context of a summary judgment motion. *See Guarino v. Brookfield Twp.*, 980 F.2d 399, 405–06 (6th Cir. 1992) (stating that it is "utterly inappropriate" for a "court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the [summary judgment] motion").[4]

A district court must instead "examine the moving party's motion for summary judgment to ensure that it has discharged" its burden, *Miller v. Shore Fin. Servs.*, 141 F. App'x 417, 419 (6th Cir. 2005), although the Court "need not conduct its own probing investigation of the record" to identify factual disputes that the non-moving party has failed to point out, *Guarino*, 980 F.2d at 405. The Court concludes that Defendants have satisfied their burden by coming forward with evidence showing that Plaintiff did not submit a complete copy of MBP-1400 by the applicable deadline (*see* MSJ Br., ECF No. 21 at PageID.129–131, citing MDOC Policy Directive, ECF No. 21-2 and Step III Grievance Aff., ECF No. 21-3; MSJ Reply, ECF No. 39 at PageID.275–279). Plaintiff fails to expressly dispute the evidence on which Defendants rely, and Plaintiff fails to meaningfully respond to Defendants' arguments (*see generally* Opp. to MSJ, ECF No. 36; Attachments to Opp., ECF No. 36-1 to 36-30; Pl. Decl., ECF No. 37).

---

[4] *Accord ECIMOS v. Nortek Glob.*, 736 F. App'x 577, 585 (6th Cir. 2018) ("[O]urs is an adversarial system in which it is improper for the courts to flesh out the parties' arguments for them.") (cleaned up); *Emerson v. Novartis*, 446 F. App'x 733, 736 (6th Cir. 2011) ("Judges are not like pigs, hunting for truffles that might be buried in the record." (cleaned up)); *Magnum Towing v. City of Toledo*, 287 Fed. App'x 442, 449 (6th Cir. 2008) (same); *Coleman v. Shoney's*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Despite this court's strong preference that claims be adjudicated on their merits, and the liberal construction the court accords the briefs of pro se litigants, pro se parties must still brief the issues advanced with some effort at developed argumentation.") (cleaned up).

At bottom, the undisputed summary judgment record and Plaintiff's waiver establish that Plaintiff failed to properly exhaust MBP-1400.  *See, e.g., Palma v. Johns*, 27 F.4th 419, 461 n.1 (6th Cir. 2022), *abrogated on other grounds by Barnes v. Felix*, 605 U.S. 73, 82 (2025) ("[A]t the summary judgment stage, the non-moving party can forfeit an argument if they fail to respond to the moving party's arguments."); MSJ Br., ECF No. 21 at PageID.129–131.  The Court thus concludes that Plaintiff failed to "properly" exhaust the administrative remedies associated with the second claim identified by the Magistrate Judge.  *See Woodford*, 548 U.S. at 92.  The Court will modify the Report and Recommendation and grant Defendants' motion for summary judgment on this retaliation claim against Defendant Leach.

## II.    Defendants' Second Objection Has Merit

Defendants raise a second objection, arguing that the Magistrate Judge failed to address their argument that the Court should "dismiss sua sponte the claims against [Defendant Unknown CO], which are also unexhausted, for the reasons set forth in [Defendants'] motion" (Obj., ECF No. 41 at PageID.309).  Defendants explained in their summary judgment briefing that "sua sponte dismissal is especially warranted [here given that] 'the claims against non-appearing defendants are the same as those against appearing defendants'" (MSJ Br., ECF No. 21 at PageID.131, citing *Coleman v. Snyder*, No. 17-11730, 2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018)).  Neither Plaintiff nor the Magistrate Judge meaningfully addressed this argument (*see generally* R&R, ECF No. 40; Opp. to MSJ, ECF No. 36).  After performing the required de novo review of this portion of the Report and Recommendation, the Court concludes that Defendants' objection has merit.

According to the Report and Recommendation, Plaintiff's "grievance report" establishes that "the only grievance that Plaintiff filed during the relevant timeframe and that he pursued through Step III is MBP-1400" (R&R, ECF No. 40 at PageID.295) ("Plaintiff filed a response brief

along with 30 exhibits . . . and a supporting declaration[.] But these materials do not indicate that Plaintiff filed some other grievance in this matter and pursued it through Step III. Thus, MBP-1400 is the only relevant grievance."). Neither party objected to this portion of the Report and Recommendation, which is supported by the summary judgment record (*see id.*; *accord* MSJ Reply, ECF No. 39 at PageID.279, noting that Plaintiff "did not contest that the grievance records provided with the summary judgment motion [were] incomplete or deficient in any way"). The record also establishes that Plaintiff failed to submit MBP-1400 timely, failing to exhaust any associated claims against Defendants, including Unknown CO. *See Woodford*, 548 U.S. at 92.

The Court thus concludes that Defendants' objection, asserting that the Magistrate Judge should have dismissed Plaintiff's claim against Defendant Unknown CO, finds support in both the undisputed record and in applicable federal case law. *See Coleman*, 2018 WL 4103364 at *2–3 (granting a motion for summary judgment in a prisoner civil rights action and dismissing unserved defendants). "[W]here a plaintiff clearly fails to exhaust his administrative remedies for claims asserted against defendants who have not appeared, the Court may nonetheless dismiss the claims *sua sponte*." *Id.*; *accord Belser v. Alton*, No. 14-13848, 2015 WL 4488598, at *8 (E.D. Mich. July 23, 2015), *aff'd sub nom. Marvin Belser v. Sarah Alton* (6th Cir. Aug. 27, 2015) (same); *Dykes v. Fuller*, No. CV 18-11528, 2019 WL 6170868, at *6 (E.D. Mich. Aug. 7, 2019), *R&R adopted*, No. 18-CV-11528, 2019 WL 4744433 (E.D. Mich. Sept. 30, 2019), *aff'd*, No. 19-2243, 2020 WL 6257023 (6th Cir. July 10, 2020) (same).[5] Plaintiff's failure to expressly respond to Defendants'

---

[5] *Accord Scouten v. Midland Cnty. Jail*, No. CV 20-11708, 2021 WL 4785526, at *3 (E.D. Mich. May 27, 2021), *R&R adopted sub nom. Scouten v. Advanced Corr. Healthcare, Inc.*, No. 20-CV-11708, 2021 WL 3883267 (E.D. Mich. Aug. 31, 2021) (dismissing unexhausted claims against unserved defendants in granting a motion for summary judgment); *Childs v. Oswald*, No. 24-11920, 2025 WL 3213764, at *2 (E.D. Mich. Oct. 15, 2025), *R&R adopted*, No. 2:24-CV-11920, 2025 WL 3210361 (E.D. Mich. Nov. 17, 2025) (same); *Tillman v. Alfred*, No. 2:20-CV-12196, 2022 WL 3337172, at *3 (E.D. Mich. Apr. 22, 2022), *R&R adopted sub nom. Tillman v. Danielle*

summary judgment briefing on this point constitutes waiver.  *See Margolin*, 146 S. Ct. at 1288; *Whiting*, 170 F.4th at 460–61; *Guarino*, 980 F.2d at 405–06; *ECIMOS*, 736 F. App'x at 585; *Emerson*, 446 F. App'x at 736; *Magnum*, 287 Fed. App'x at 449; *Shoney's*, 79 F. App'x at 157.

Given Plaintiff's failure to properly exhaust his administrative remedies in connection with any of the remaining claims in this matter, and given Plaintiff's repeated waiver in connection with Defendants' arguments and objections, the Court will adopt the Report and Recommendation in part to the extent that it concludes Plaintiff failed to exhaust certain claims and modify it in part to the extent that it raises sua sponte arguments waived by Plaintiff and fails to acknowledge Defendants' arguments regarding Defendant Unknown CO.  The Court will grant Defendants' motion for summary judgment in full, and a Judgment consistent with this Opinion and Order will issue given that it resolves all pending claims.  *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that Defendants' Objections (ECF No. 41) are **GRANTED** and the Report and Recommendation (ECF No. 40) is **APPROVED IN PART** and **MODIFIED IN PART**, and will be adopted as the Opinion of the Court to the extent stated above.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 20) is **GRANTED** as to all Plaintiff's remaining claims, which will be DISMISSED.

---

*Alfred P.A.*, No. 20-CV-12196, 2022 WL 2764938 (E.D. Mich. July 15, 2022) (same); *Olaya v. Stoddard*, No. 2:24-CV-11064, 2025 WL 4687810, at *3 (E.D. Mich. Nov. 10, 2025), *R&R adopted*, No. 24-11064, 2026 WL 910787 (E.D. Mich. Mar. 31, 2026) (same); *Jones v. Campbell*, No. 2:24-CV-10683, 2025 WL 4690433, at *3 (E.D. Mich. Oct. 24, 2025), *R&R adopted*, No. 24-10683, 2026 WL 860481 (E.D. Mich. Mar. 30, 2026) (same); *Threatt v. Williams-Ward*, No. CV 15-12585, 2016 WL 6653013, at *6 (E.D. Mich. July 13, 2016), *R&R adopted sub nom. Threatt v. Williams*, No. 15-12585, 2016 WL 4607639 (E.D. Mich. Sept. 6, 2016) (same); *cf. Fernandez v. Rose Trucking*, 429 F. App'x 145, 146 (3d Cir. 2011) (noting in an analogous context that although exhaustion is an affirmative defense, "we have recognized that sua sponte dismissal may be appropriate where the plaintiff concedes that he failed to exhaust.").

**IT IS FURTHER ORDERED** that Plaintiff's remaining motions (ECF Nos. 42 & 43) will be DENIED AS MOOT.


Dated:  July 20, 2026                                         /s/ Jane M. Beckering
                                                             JANE M. BECKERING
                                                             United States District Judge